**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **Raymond J. Ewers, et al.,** | ) | **CASE NO. 1:10 CV 1247** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Genuine Motor Cars, Inc., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |


**INTRODUCTION**

This matter is before the Court upon plaintiffs' Petition for Order Confirming Arbitration

Award (Doc. 1).  Also pending is defendants' Verified Motion to Vacate, or, Alternatively, to

Modify the Arbitration Award (Doc. 1).[1]  This case arises out of the sale of a van.  For the

reasons that follow, the Petition for Order Confirming Arbitration Award is GRANTED and

defendants' Verified Motion to Vacate, or, Alternatively, to Modify the Arbitration Award is

---

[1]  Instead of filing the motion to vacate in this case, defendants filed
a new case, Case No. 1:10 CV 1498.  That case was subsequently
consolidated into Case No. 1:10 CV 1247.

1

DENIED.

**FACTS**[2]

Petitioners, Raymond J. Ewers and Mayra Coughlin-Ewers, bring this action against respondents, Joseph G. Kase, Bryan Rogers, and Genuine Motor Cars, Inc., seeking to confirm an arbitration award entered in their favor.

In March of 2007, Genuine advertised on Ebay to sell a Ford van located in Florida.  The advertisement indicated that the van had genuine leather seats.  Later that month, Raymond Ewers contacted Genuine via telephone and confirmed that the van in fact had genuine leather seats.  Based on these representations, Raymond Ewers negotiated to purchase the van.  Plaintiffs agreed to exercise the "buy it now" option on Ebay for a total of nearly $32,000.  Shortly thereafter, and prior to viewing the vehicle, plaintiffs wired the money to Genuine's bank account in Florida.  Plaintiffs informed defendants that they would be vacationing in Florida and, therefore, would forgo having the van shipped to Ohio.  Rather, plaintiffs indicated they would rent a van to travel to Florida and return to Ohio with the newly purchased van.  On April 9, 2007, plaintiffs discovered that the upholstery in the van was not leather.  Defendants offered to void the transaction and accept the van for a full refund.  When plaintiffs returned to the showroom, however, defendants demanded an offset of $3.00 per mile.  Plaintiffs agreed and left the showroom with the understanding that defendants would mail a check to plaintiffs' residence representing the purchase price less approximately $2,100 in mileage charges.  The following

---

[2]     The facts are taken largely from the complaint filed in Case No.
        1:07 CV 2799.  In that case, petitioners filed a lawsuit against
        respondents.  Respondents moved to compel arbitration and this
        Court granted the motion.  The facts are set forth for background
        purposes.

week, defendants contacted plaintiffs and indicated that the check would not be mailed until plaintiffs signed a release of liability.  Plaintiffs refused.

Petitioners filed a lawsuit in this District asserting 13 claims for relief.  Count one is a claim for breach of contract.  Counts two and three assert fraud and conversion, respectively. Count four is a claim for unjust enrichment and count five asserts a violation of the Ohio Consumer Sales Practices Act.  Count six alleges "piercing the corporate veil."  Count seven is an action to rescind and count eight alleges joint and several liability.  Count nine seeks punitive damages.  Count ten alleges that the arbitration agreement at issue is unenforceable.  Count eleven is an action to freeze defendants' accounts.  Count twelve alleges a violation of the Federal Odometer Act and count thirteen is an action to enjoin arbitration. Defendant moved to compel arbitration and this Court granted the motion.

The matter proceeded to arbitration.  On January 26 and 27, 2010, the arbitrator held a hearing on the matter.  The arbitrator accepted testimony, documentary evidence, and oral argument from the parties.  In addition, the parties submitted post-hearing briefing to the arbitrator.  On April 8, 2010, the arbitrator issued an award in favor of claimants in the amount of $96,525.63.  Consistent with the express language in the parties' arbitration agreement, the award contains no written opinion or analysis.[3]

Petitioners move for confirmation of the arbitration award.  Respondents move to modify or vacate the award.  Both motions are opposed.

**ANALYSIS**

---

[3]     The arbitration agreement provides that "[t]he arbitration award
        shall be in writing, but without a supporting opinion."  (See, Case
        No. 1:07 CV 2799, ECF 6-2 at p.4)

"Congress enacted the FAA to replace judicial indisposition to arbitration with a 'national policy favoring [it] and plac[ing] arbitration agreements on equal footing with all other contracts.'" *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (*quoting Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)).  Thus, [w]hen courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of American jurisprudence." *Lattimer-Stevens Co. v. United Steelworkers of Am.*, 913 F.2d 1166, 1169 (6th Cir. 1990) .  As stated by the Sixth Circuit, the Supreme Court has made it clear "that courts must accord an arbitrator's decision substantial deference because it is the arbitrator's construction of the agreement, not the court's construction, to which the parties have agreed." *Beacon Journal Publishing Co. v. Akron Newspaper Guild*, 114 F.3d 596, 599 (6th Cir. 1997).

9 U.S.C. § 9 provides that this Court must confirm an arbitration award unless there is a valid statutory basis for vacating, modifying, or correcting award.  "In attempting to vacate or modify an arbitration award governed by the Federal Arbitration Act, a disappointed party must look to Sections 10 and 11 of Title 9, which 'provide [the] exclusive regime[ ] for the review provided by the [Federal Arbitration Act].'" *Grain v. Trinity Health, Mercy Health Services Inc.*, 551 F.3d 374 (6 th Cir. 2008)(*quoting Hall St. Assocs.*, 552 U.S. at 584).

Pursuant to 9 U.S.C. § 10, this Court may vacate an arbitration award only where:

(1) the award was procured by corruption, fraud, or undue means;

(2) there was evident partiality or corruption in the arbitrators, or either of them;

(3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any misbehavior by which the rights of any party have been prejudiced; or

4

(4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

In this case, respondents argue that the arbitration award should be vacated under the fourth prong of the statute, *i.e.*, the arbitrator "so imperfectly executed" his powers such that a mutual, final, and definite award was not made.

Respondents appear to argue that the arbitrator "imperfectly" executed his powers because the award contains no reasoned basis for the decision or an analysis of the law and facts. In the Sixth Circuit, however, "arbitrators are not required to explain their decisions." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000).  Moreover, the arbitration agreement expressly provides that the arbitrator *not* issue an opinion supporting the award.  This arbitration agreement was drafted by respondents and respondents moved to compel arbitration under this agreement.  In addition, petitioners argue that respondents could have sought a written opinion pursuant to the applicable arbitration rules, yet did not do so.  The Court agrees with petitioners that, having agreed to a summary award and having failed to seek a written opinion, respondents cannot now complain that the award should be vacated on the grounds that it contains no written explanation supporting the award.

In support of their position, respondents spend much of their time rearguing the facts and applicable law.  For example, respondents claim that if the arbitrator applied the UCC in his analysis, then he misapplied the concepts of rejection, acceptance, and revocation.  Respondents further argue that if the arbitrator applied the UCC, then the measure of damages should have been the difference between the goods as promised and as delivered.  Respondents claim that if the arbitrator relied on the Ohio Consumer Sales Practices Act ("OCSPA") claim in rendering his decision, the arbitrator erred because petitioners discovered the alleged misrepresentation

prior to accepting the goods.  In essence, it appears that respondents are claiming that the

arbitrator acted in a manifest disregard for the law.

Assuming *arguendo* that the "manifest disregard of the law" standard of review is still

applicable after *Hall Street Assoc.*, 552 U.S. 576 (holding that arbitration awards may by vacated

exclusively through the four enumerated provisions contained in 9 U.S.C. § 10), the Court finds

that respondents fail to establish that the arbitrator engaged in a manifest disregard of the law.  In

order to succeed in vacating an arbitration award, the movant must establish that the "relevant

law [is] clearly defined and the arbitrator [ ] consciously chose[] not to apply it."  *Dawahare v.*

*Spencer*, 210 F.3d at 669.  In this case, respondents are unable to demonstrate that the arbitrator

consciously chose not to apply the relevant law.  The award contains no analysis of the law and

facts and where arbitrators chose not to provide a written analysis in support of the award "it is

all but impossible [for the Court] to determine whether they acted with manifest disregard for the

law." *Id*.  Like in *Dawahare*, this Court is unable to analyze whether the arbitrator properly

applied either the UCC or the OCSPA and, accordingly, cannot say that the arbitrator missplied

the law or the facts.  The only arguable basis for concluding that the award is in manifest

disregard of the law relates to the amount of the award.  Here, the arbitrator awarded $96,525.63,

which is more than three times the sales price of the van.  According to petitioners, no theory in

the case could sustain an award this excessive.  Respondents argue that even if the arbitrator

concluded that they violated the OCSPA, the arbitrator's award exceeds the treble damages

arguably available under the statute.  This argument ignores, however, the hearing testimony in

which petitioners ask for an award of attorneys' fees *in addition* to treble damages.  Thus, the

mere fact that the award exceeds an award of treble damages does not mean that the arbitrator

acted in a manifest disregard of the law.  Respondents fail to point out any specific manner in

which the arbitrator erred.  For these reasons, respondents arguments are not well-taken.

Respondents argue in passing that the Court should "modify" the award and limit the

damages to the purchase price of the vehicle.  This Court may modify an award only where,

> (1) there was an evident material miscalculation of figures or an evident material mistake
> in the description of any person, thing, or property referred to in the award;
>
> (2) the arbitrators have awarded upon a matter not submitted to them, unless it is a matter
> not affecting the merits of the decision upon the matter submitted; or
>
> (3) the award is imperfect in the matter of form not affecting the merits of the
> controversy.

9 U.S.C. § 11.

Respondents do not identify any of these provisions as support for their request to modify

the award.  Nor do respondents offer any argument or analysis.  Rather, in passing, respondents

simply ask the Court to modify the award.  Absent any argument, or a statutory basis for

modifying the award, respondent's request is denied.

### **CONCLUSION**

For the foregoing reasons, the Petition for Order Confirming Arbitration Award is

GRANTED and defendants' Verified Motion to Vacate, or, Alternatively, to Modify the

Arbitration Award is DENIED.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/10/10